UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:08-CR-65-1 |
| | : | |
| EUGENIO A. LEON | : | |

RULING ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS
(Paper 41)

Defendant Eugenio A. Leon moves under Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of particulars regarding Count Five of the Superceding Indictment and the identities of possible co-conspirators. Count Five, which charges money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), alleges Leon used proceeds from unlawful activity to make monthly rental payments on a house, and that he made these payments with the intent to promote or carry on the unlawful activity. The specified unlawful activity is the manufacture and distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1).

The decision whether to grant a bill of particulars is within the sound discretion of the Court. United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988). A defendant is entitled to seek a bill of particulars to "identify with sufficient particularity the nature of the charge pending against

1

him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). Disclosure of evidentiary detail is not the proper function of a bill of particulars. United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).

I.  Particulars Concerning Count Five

A bill of particulars is not warranted here because Count Five, combined with the discovery Leon has obtained under Federal Rule of Criminal Procedure 16(a), sets forth the allegations in sufficient detail. First, Leon seeks "the exact known source from where each cash payment for the Leriche rental property was derived from" and the "specific date" each payment was obtained. This information is not necessary to provide adequate notice of the charges Leon faces. Under 21 U.S.C. § 841(a)(1), "the money laundered must be the fruit of an illegal act, but there is no requirement that the Government link the money laundered to a specific criminal act." United States v. Gabel, 85 F.3d 1217, 1224 (7th Cir. 1996); Tenth Survey of White Collar Crime: Money Laundering, 32 Am.Crim.L.Rev. 499 (1995) (government need not trace proceeds involved in a money laundering scheme back to a particular offense). Through discovery, the Government provided

2

Leon with the date of each money laundering transaction, as well as cash receipts for "many" of the monthly rent payments. Paper 47. Between the indictment and discovery, Leon has sufficient notice to prepare a defense to the Count Five charges. A bill of particulars is not available simply to compel the Government to disclose the details of how it intends to prove the charges. United States v. Wilson, 565 F. Supp. 1416, 1439 (S.D.N.Y. 1983); accord United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir. 1974).

II. Particulars Concerning Potential Co-Conspirators

Next, Leon seeks the identities of (i) known co-conspirators not named in the indictment, (ii) any person who participated in the alleged conspiracy or any overt act committed in furtherance of the conspiracy, (iii) any person who was present when any co-conspirator joined or committed any overt act in furtherance of the alleged conspiracy; and (iv) any co-conspirator acting on behalf of the Government.

In evaluating such requests, courts have considered factors such as: (i) the number of co-conspirators; (ii) the duration and breadth of the alleged conspiracy; (iii) whether the Government has otherwise provided adequate notice of the particulars; (iv) the volume of pre-trial discovery; and (vi) the potential harm to the Government investigation. United States v. Reddy, 190 F.

3

Supp. 2d 558, 570 (S.D.N.Y. 2002). Thus, courts have granted requests where "the number of defendants was large, where the alleged conspiracy spanned long periods of time and where the alleged schemes were wide-ranging." Id.; see United States v. Savin, 2001 WL 243533, at *5 (bill of particulars granted where number of co-conspirators "quite large" and conspiracy may have spanned six years); United States v. Nachamie, 91 F. Supp. 2d 565, 572-73 (2000) (bill of particulars identifying co-conspirators appropriate in case where defendant "is more likely to be surprised by the identity of other co-conspirators whom he may never have met").

In this case, the number of defendants is small, the duration of the alleged acts was not long and the number of unnamed co-conspirators or parties allegedly involved in the wrongdoing does not appear to be so large that Leon would be surprised by the identity of these persons. Moreover, the Government has provided Leon with a witness list and the indictment lists co-defendant James Griffith as a co-conspirator. The search warrant affidavit also discusses the involvement of other participants in the operation, such as Leon's wife. The Government has assured Leon it will disclose any additional witnesses consistent with its discovery and pretrial disclosure obligations. Accordingly, the particulars sought are not

required for Leon to adequately prepare for trial and the request is denied.

III. Conclusion

Defendant's Motion for Bill of Particulars (Paper 41) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of November, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge